IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED L. CROSS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PAY IT FORWARD ANIMAL<br>WELFARE NETWORK, INC.,<br>et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV F 10-0680 LJO DLB<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**<br>(Doc. 11.) |

## BACKGROUND

On April 19, 2010, pro se plaintiff Al Cross ("Mr. Cross") filed his complaint to address placement of his dogs in "custody" of several defendants and the dogs' removal from Mr. Cross' access. The complaint reveals that all relevant events occurred in Kentucky or Illinois where defendants reside or are domiciled. The complaint alleges that "Plaintiff is a citizen of California, and Defendants are citizens of Kentucky and Illinois." The complaint lacks facts for this Court's exercise of personal jurisdiction over defendants.

## DISCUSSION

### Personal Jurisdiction

In personam jurisdiction is required when a judgment is sought as to a defendant personally. Personal jurisdiction is an essential element of a court's jurisdiction and without it, a court "is powerless

to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 1572 (1999). "Because a court without jurisdiction over the parties cannot render a valid judgement, [the court] must address Defendants' personal jurisdiction argument before reaching the merits of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

In this case, defendant Robin Dance challenges this Court's exercise of personal jurisdiction over her. F.R.Civ.P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of personal jurisdiction." A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Although the defendant is the moving party on a F.R.Civ.P. 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction." *Rio Properties*, 284 F.3d at 1019.

Federal courts lack nationwide personal jurisdiction and have no broader power over persons outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A).

Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984). Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). A plaintiff has the burden to make a prima facie showing of a court's personal jurisdiction over a defendant. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

The complaint lacks a showing that this Court's exercise of personal jurisdiction over defendants satisfies due process. The complaint indicates that this Court's exercise of personal jurisdiction over the defendants is improper given that all relevant events occurred in Illinois and Kentucky and that defendants are citizens of those states.

Moreover, given the complaint's reliance on diversity jurisdiction, the complaint fails to satisfy that this Court is the proper venue. F.R.Civ.P. 12(b)(3) empowers a challenge to a complaint for "improper venue." The general venue statute, 28 U.S.C. § 1391, provides in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The complaint pleads itself out of this Court as a proper venue.

### **Malice**

Moreover, this Court surmises that Mr. Cross has filed this action in this Court in absence of good faith and that Mr. Cross exploits the court system solely to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex provides further grounds to question personal jurisdiction over defendants.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court ORDERS Mr. Cross, no later than August 3, 2010, to file papers to show cause why this Court should not dismiss this action against all defendants in the absence of grounds to exercise personal jurisdiction over defendants. **This Court ADMONISHES Mr. Collins that it will dismiss this action if Mr. Collins fails to comply with this order and to file timely papers to show cause why this Court should not dismiss this action against all defendants.**

IT IS SO ORDERED.

**Dated:   July 20, 2010**                      /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE