IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED L. CROSS,<br><br>              Plaintiff,<br><br>       vs.<br><br>PAY IT FORWARD ANIMAL<br>WELFARE NETWORK, INC.,<br>et al.,<br><br>              Defendants.<br>_____/ | CASE NO. CV F 10-0680 LJO DLB<br><br>**ORDER DENYING REQUEST FOR<br>TEMPORARY RESTRAINING ORDER**<br>(Doc. 20, 21) |

Plaintiff Alfred L. Cross filed a request for a Temporary Restraining Order ("TRO") on August 2, 2010 to preclude defendants from selling, transporting or using four dogs which are the subject of the complaint.

**BACKGROUND**

On April 19, 2010, pro se plaintiff Al Cross ("Mr. Cross") filed his complaint to address placement of his dogs in "custody" of several defendants and the dogs' removal from Mr. Cross' access. The complaint reveals that all relevant events occurred in Kentucky or Illinois where defendants reside or are domiciled. The complaint alleges that "Plaintiff is a citizen of California, and Defendants are citizens of Kentucky and Illinois."

/////

/////

**DISCUSSION**

The legal principles applicable to a request for preliminary injunctive relief or a temporary restraining order are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u> *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). Plaintiff need not show positively he will prevail on the merits. A reasonable probability of success, not an overwhelming likelihood, is all that need be shown for preliminary injunctive relief. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991); *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003) (Our court also uses an alternative test that requires the applicant to demonstrate either: a combination of probable success on the merits and the possibility of irreparable injury; or serious questions going to the merits and that the balance of hardships tips sharply in the applicant's favor.) The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *Oakland Tribune*, 762 F.2d at 1376. "Under either formulation of the test [for injunctive relief], plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id.*

The Court need not consider all of the criteria for a TRO because the Court finds the failure of one of the criterion is dispositive. The Court finds it is highly unlikely plaintiff will prevail on the merits of the case. Based upon the allegations of the complaint, this Court does not have personal jurisdiction over any of the defendants in this matter such that the Court may adjudicate claims against these defendants. "Personal jurisdiction" refers to the Court's power to render a judgment that either commands defendants' personal obedience or imposes obligations on the defendant that will be enforced by other courts. *See Burnham v. Sup.Ct.*, 495 US 604, 609–610, 110 S.Ct. 2105, 2109–2110 (1990). Federal courts lack nationwide personal jurisdiction and have no broader power over persons outside the state in which they sit than do local state courts. *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-105, 108 S.Ct. 404, 410 (1987); *see* F.R.Civ.P. 4(k)(1)(A). The complaint indicates that this Court's exercise of personal jurisdiction over the defendants is improper given that all relevant events occurred in Illinois and Kentucky and that defendants are citizens of those states. (Doc. 1,

Complaint ¶2.) Thus, the Court lacks power over the defendants in this action for lack of personal jurisdiction.

On July 21, 2010, this Court issued an Order to Show Cause to plaintiff to show cause why this matter should not be dismissed for failure of personal jurisdiction over defendants. To date, plaintiff has failed to show that the Court has the requisite jurisdiction to adjudicate any dispute with these defendants. As the time for plaintiff to respond to the Order to Show Cause has not yet expired, the Court will not dismiss the case in this order.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES plaintiff's request for a temporary restraining order.

IT IS SO ORDERED.

**Dated:     August 3, 2010**               /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE