IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED CROSS,<br><br>            Plaintiff,<br><br>    vs.<br><br>PAY IT FORWARD ANIMAL<br>WELFARE NETWORK, INC.,<br>et al.,<br><br>            Defendants.<br>_____/ | CASE NO. CR F 10-0680 LJO DLB<br><br>**ORDER TO DENY RECONSIDERATION**<br>(Doc. 43.) |

Plaintiff Alfred Cross ("Mr. Cross") continues to plague this Court with frivolous filings after this Court dismissed this action with Mr. Cross' acknowledgment that this Court lacks personal jurisdiction over defendants. Mr. Cross seeks reconsideration of dismissal of this action.

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Mr. Cross appears to claim that this Court erred in dismissing this action based on absence of

1  personal jurisdiction of defendants.  Mr. Cross presents no new credible, meaningful evidence or law
2  to support reconsideration, and the gist of his papers is that he lacks evidence to support personal
3  jurisdiction over defendants.  Mr. Cross rests personal jurisdiction on the fact that he resides in this
4  Court's district, mailed documents to defendants from California, and apparently initiated from
5  California telephone calls with certain defendants.  Mr. Cross alludes to possible advertising of certain
6  defendants in California.  Mr. Cross further appears to claim that certain defendants may have a
7  relationship with California-based kennel or dog groups.

8        As discussed in this Court's prior orders, the record is devoid of evidence to support exercise of
9  general jurisdiction over defendants.  If a nonresident defendant's contacts with the forum state do not
10 qualify as "continuous and systematic" to support general jurisdiction, a federal court may exercise
11 "limited" (or "specific") jurisdiction over claims related to his activities or contacts there.  *Naxos*
12 *Resources (U.S.A.) Ltd. v. Southam Inc.*, 1996 WL 662451, *2 (C.D. Cal. 1996) (use of interstate
13 communications does not constitute sufficiently "continuous, systematic" activity to impose general
14 jurisdiction).  Limited jurisdiction requires that: (1) the defendant purposefully availed himself of the
15 privilege of conducting activities in the forum; (2) the claim arises or results from the defendant's
16 forum-related activities; and (3) exercise of jurisdiction be reasonable.  *Data Disc, Inc. v. Systems*
17 *Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

18       Nothing in the record hints that any defendant purposefully availed itself of the privilege to
19 conduct activities in California, and Mr. Cross admits as much.  Mr. Cross' claims arise out of actions
20 in Illinois and Kentucky.  Exercise of jurisdiction over defendants would be unreasonable and would
21 defeat notions of fair play and substantial justice.  This Court will not allow Mr. Cross to abuse the
22 judicial process and maliciously burden out-of-state defendants.  The record reflects nothing to support
23 reconsideration.

24       Moreover, Mr. Cross' continued meritless filings reflect an absence of good faith and that Mr.
25 Cross exploits the court system solely to vex defendants.  The test for maliciousness is a subjective one
26 and requires the court to "determine the . . . good faith of the applicant."  *Kinney v. Plymouth Rock*
27 *Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf.*
28 *Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case

1  demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be
2  inferred from a complaint containing untrue material allegations of fact or false statements made with
3  intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex
4  provides further grounds to deny reconsideration.

5  　　　　In conclusion, this Court DENIES Mr. Cross reconsideration. This Court will not aid Mr. Cross
6  to abuse its power to attempt to impose personal jurisdiction over defendants who clearly are not subject
7  to this Court's jurisdiction. This Court trusts Mr. Cross understands that this order is the final word on
8  the matter and that Mr. Cross will cease his efforts to offend traditional notions of fair play and
9  substantial justice. Mr. Cross' efforts would appear more productive if used to pursue his claims against
10 defendants in their respective home states.

11 　　　　IT IS SO ORDERED.

12 **Dated:   September 2, 2010**　　　　　　　　　　  /s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE